IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02276-BNB

DWAYNE A. HUDSON,

    Plaintiff,

v.

PAROLE OFFICER TODD MASON (P.O. Mason),
DETECTIVE RICHARD SCHNEIDER (Det. Schneider),
COLORADO PAROLE BOARD,
DENVER POLICE DEPARTMENT,
PAROLE OFFICER SARA PHELPS (P.O. Phelps),
PAROLE OFFICER TRACY SHARP (P.O. Sharp), and
DIVISION OF ADULT SERVICES, Colorado Parole Board,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 17 2010

GREGORY C. LANGHAM
                CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Dwayne A. Hudson, currently is detained at the Denver Reception and Diagnostic Center in Denver, Colorado. Mr. Hudson, acting *pro se*, filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983 on September 17, 2010, and an Amended Prisoner Complaint on October 19, 2010. He has been granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee.

The Court must construe the Amended Complaint liberally because Mr. Hudson is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hudson will be ordered to file a Second Amended Complaint.

In general, Mr. Hudson complains of events leading up to his parole revocation on January 23, 2009. He asserts that he reported to the Denver Police Department in order to register as a sex offender on several occasions, but was not able to register. He alleges that he attempted to provide his paperwork to Defendant Detective Richard Schneider, but that Defendant Schneider refused to accept it. He also alleges that Defendant Parole Officer Todd Mason submitted false documents to the Colorado Parole Board, which resulted in the revocation of Mr. Hudson's parole. Finally, Mr. Hudson complains that he did not receive a parole revocation hearing. Mr. Hudson asserts that his First and Fourteenth Amendment rights have been violated, and he seeks damages.

However, Mr. Hudson may not sue Defendant Denver Police Department. The police department is not a separate entity from the City and County of Denver, and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against the police department must be considered as asserted against the City and County of Denver.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385

(1989). Mr. Hudson cannot state a claim for relief against the City and County of Denver under § 1983 merely by pointing to isolated incidents. **See Monell**, 436 U.S. at 694.

Mr. Hudson also may not sue the Colorado Parole Board or the Division of Adult Parole. The State of Colorado and its entities are protected by Eleventh Amendment immunity. **See Will v. Michigan Dep't of State Police**, 491 U.S. 58, 66 (1989); **Meade v. Grubbs**, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." **Ramirez v. Oklahoma Dep't of Mental Health**, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, **see Griess v. Colorado**, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, **see Quern v. Jordan**, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. **See Higganbotham v. Okla. Transp. Comm'n**, 328 F.3d 638, 644 (10th Cir. 2003).

Finally, in the Second Amended Complaint, Mr. Hudson must name the parties who are responsible for violating his constitutional rights and assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260,

1262-63 (10th Cir. 1976). To establish personal participation, Mr. Hudson must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Hudson also is instructed that "to state a claim in federal court, a complaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [Mr. Hudson] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Hudson file a Second Amended Complaint that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Hudson, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Second Amended Complaint. It is

FURTHER ORDERED that if Mr. Hudson within the time allowed fails to file an Second Amended Complaint that complies with this Order, the Amended Complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that Mr. Hudson's "Request to Amend Complaint," filed on December 16, 2010 (Doc. # 10) is DENIED as moot.

DATED December 17, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02276-BNB

Dwayne A. Hudson
Prisoner No. 251981
DRDC
P.O. Box 392004
Denver, CO 80239

  I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on December 17, 2010.

             GREGORY C. LANGHAM, CLERK

            By: _____
                  Deputy Clerk