IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 23 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02276-BNB

DWAYNE A. HUDSON,

Plaintiff,

v.

PAROLE OFFICER TODD MASON (P.O. Mason), in his individual and official capacities,
DETECTIVE RICHARD SCHNEIDER (Det. Schneider), in his individual and official capacities,
COLORADO PAROLE BOARD, and
CLEMENT BOURGEOIS (Det. Bourgeois), in his individual and official capacities,

Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff, Dwayne A. Hudson, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Fremont Correctional Facility in Canon City, Colorado. Mr. Hudson initiated this action by filing a ***pro se*** Prisoner Complaint and a motion for leave to proceed ***in forma pauperis*** pursuant to 28 U.S.C. § 1915. He has been granted leave to proceed ***in forma pauperis*** without payment of an initial partial filing fee.

On December 17, 2010, Magistrate Judge Boland determined that Mr. Hudson's Amended Complaint was deficient because he named improper parties and because he failed to allege the personal participation of all the named defendants. Therefore, Mr. Hudson was directed to file a Second Amended Complaint. Mr. Hudson was warned that the action would be dismissed without further notice if he failed to file a second amended pleading within thirty days.

Magistrate Judge Boland's December 17, 2010, Order for a Second Amended Complaint was returned to the Court as undeliverable on December 28, 2010, because it failed to include Mr. Hudson's DOC inmate number. By minute order dated January 3, 2011, the Clerk of the Court was directed to re-mail the December 17, 2010, Order for Second Amended Complaint to Mr. Hudson at his current mailing address. The minute order provided an additional thirty days for Mr. Hudson to submit his second amended pleading, and warned him that the action would be dismissed without further notice if he failed to submit an amended pleading within the time provided. Mr. Hudson filed a Second Amended Complaint on February 8, 2011.

Mr. Hudson has been granted leave to proceed ***in forma pauperis*** pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss ***sua sponte*** an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. ***Neitzke v. Williams***, 490 U.S. 319, 324 (1989).

The Court must construe the Second Amended Complaint liberally because Mr. Hudson is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110. However, the Court

should not act as an advocate for ***pro se*** litigants. ***See id.*** For the reasons set forth below, the Second Amended Complaint and the action will be dismissed.

Mr. Hudson asserts five claims in the Second Amended Complaint. As background, he alleges that he was paroled on August 26, 2008. His parole had several conditions, including the requirement that Mr. Hudson register as a sex offender by September 3, 2008. Mr. Hudson alleges that he arrived at the Denver Police Department on September 5, 2008, in order to register, but that Defendant Richard Schneider was verbally abusive and refused to allow Mr. Hudson to register. Mr. Hudson alleges that Defendant Schneider's actions caused him to fear for his life and that he immediately contacted his parole officer, Defendant Todd Mason, who told Mr. Hudson that he could register on September 8, 2008. Mr. Hudson states that he arrived at the Denver Police Department on September 8, 2008, to register but that he was immediately arrested. Mr. Hudson alleges that his parole was revoked on January 23, 2009, for failure to comply with the conditions of his parole.

As his first claim, Mr. Hudson alleges that Defendant Schneider retaliated against him when he attempted to register as a sex offender in violation of his First and Fourteenth Amendment rights. As his second claim, Mr. Hudson alleges that Defendant Mason falsified documents that were used to revoke his parole in violation of his Fourteenth Amendment right. As his third claim, Mr. Hudson alleges that Defendant Schneider used false and misleading information to have him arrested in violation of his First, Fourth, and Fourteenth Amendment rights. As his fourth claim, Mr. Hudson alleges that Defendant Schneider and Defendant Clement Bourgeois conspired to deprive him of equal protection of the laws and his liberty in violation of his Fourteenth

Amendment right. As his fifth claim, Mr. Hudson alleges that Defendant Schneider refused to allow him to register in violation of his First Amendment right. As relief, Mr. Hudson seeks money damages.

Mr. Hudson may not recover money damages for these claims because they challenge the validity of his parole revocation and, therefore, his continuing confinement. ***See Heck v. Humphrey***, 512 U.S. 477 (1994). In ***Heck***, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. ***See id.*** at 486-87. The rule in ***Heck*** also applies to "proceedings that call into question the fact or duration of parole or probation." ***Crow v. Penry***, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam); ***see also Butterfield v. Bail***, 120 F.3d 1023, 1024 (9th Cir. 1997) (applying ***Heck*** to claim regarding denial of parole).

Upholding any of the allegations related to the revocation of Mr. Hudson's parole would undermine the validity of his current imprisonment, and they are therefore barred by ***Heck*** and ***Crow***. Mr. Hudson's Fourth Amendment claims challenge the legality of the evidence used to revoke his parole. His Fourteenth Amendment due process claims challenge the veracity of the detectives and parole officers in their investigation and testimony. ***Cf. Huftile v. Miccio-Fonseca***, 410 F.3d 1136, 1140 (9th Cir. 2005) (alleged police perjury that violated prisoner's due process rights in a parole hearing necessarily implicates the validity of prisoner's continuing confinement). The basis of

his First Amendment claims is not clearly explained in the Second Amended Complaint but appear to challenge the legality of the evidence and procedures used to revoke his parole, and therefore, these claims also fail.

Mr. Hudson's claims would necessarily imply the invalidity of the revocation of his parole. Before bringing a claim that casts doubt on the length of a prisoner's continued incarceration, the prisoner first must pursue a successful action for habeas corpus. ***Edwards v. Balisok***, 520 U.S. 641 (1997), ***see also Butterfield***, 120 F.3d at 1024 & n.1. Mr. Hudson does not allege, and nothing in the Court's file indicates, that he has invalidated the revocation of his parole through a writ of habeas corpus. Therefore, Mr. Hudson' claims for money damages based upon the revocation of his parole are barred by ***Heck*** and will be dismissed. The dismissal will be without prejudice. ***See Fottler v. United States***, 73 F.3d 1064, 1065 (10th Cir. 1996). Accordingly, it is

ORDERED that the Second Amended Complaint and Action are dismissed without prejudice as barred by the rule in ***Heck v. Humphrey***, 512 U.S. 477 (1994).

DATED at Denver, Colorado, this 22nd day of February, 2011.

BY THE COURT:

Zita Leeson Weinshienk

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02276-BNB

Dwayne A. Hudson
Prisoner No. 48241
Fremont Correctional Facility
P.O. Box 999
Cañon City, CO 81215- 0999

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on February 23, 2011.

GREGORY C. LANGHAM, CLERK

By:______________________
Deputy Clerk